UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF TREO NOAL GP S.À R.L. FOR AN ORDER TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS FROM WEIL, GOTSHAL & MANGES LLP PURSUANT TO 28 U.S.C. §1782

Case No. _____

## DECLARATION OF CHRISTOPHER D. HILTON

I, Christopher D. Hilton, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States, as follows:

1. I am an attorney duly admitted to practice in the State of Texas. I am concurrently with this Application submitting a motion to appear pro hac vice on behalf of Petitioner in this matter.

2. I submit this declaration in support of Petitioner's Ex Parte Application for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782.

3. Attached as **Exhibit 1** is a proposed order granting Petitioner's application.

4. Attached as **Exhibit 2** is the proposed document subpoena that Petitioner requests to serve on Respondent Weil, Gotschal and Manges, LLP.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on March 25, 2025.

Christopher D. Hilton

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF TREO NOAL GP S.À R.L. FOR AN ORDER TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS FROM WEIL, GOTSHAL & MANGES LLP PURSUANT TO 28 U.S.C. §1782 | Case No. _____<br><br>**[PROPOSED] ORDER AUTHORIZING DISCOVERY** |

Upon consideration of the Ex Parte Application For An Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 submitted by TREO NOAL GP S.à r.l. and all papers submitted in support thereof, the Court finds that (1) the statutory requirements of 28 U.S.C. § 1782 are satisfied, and (2) the factors identified by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) weigh in favor of granting the Application.

It is therefore **ORDERED** that:

1. The Application is granted;

2. Petitioner is authorized to serve the subpoena attached as **Exhibit 2** to the declaration of Christopher D. Hilton upon Respondent Weil, Gotshal and Manges, LLP;

3. Petitioner is authorized to use any evidence obtained pursuant to the subpoena in any additional proceeding arising out of the same facts or transactions underlying Petitioner's Application; and

4. Respondent is directed to respond to such subpoenas pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

EXH. 1

Dated: _____                    _____
                                                               UNITED STATES DISTRICT JUDGE

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

IN RE APPLICATION OF TREO NOAL GP S.À R.L. )
*Plaintiff* )
v.                                          )   Civil Action No.
                                            )
                                            )
*Defendant*                                 )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Weil, Gotshal & Manges LLP,
767 5th Ave, New York, NY 10153

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: | Date and Time: |
|---|---|
|  |  |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          /s/ Christopher D. Hilton
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* TREO NOAL GP S.à r.l. , who issues or requests this subpoena, are:

Christopher D. Hilton, Stone Hilton PLLC, 600 Congress Ave., Suite 2350, Austin, TX 78701 Phone: 737.465.3897
chris@stonehilton.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXH. 2

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

Pursuant to the accompanying Subpoena, petitioner TREO NOAL GP S.à r.l. (the "Petitioner") hereby requests that Weil, Gotshal & Manges LLP ("Weil") produce documents responsive to the requests listed below at the date and location specified in the Subpoena.

## DEFINITIONS

As used herein, the terms listed below shall be defined as follows. Insofar as a term is not explicitly defined, the meaning to be used is the commonly accepted definition of the term. Notwithstanding any definition set forth below, each word, term, or phrase used in these requests is intended to have the broadest possible meaning permitted under the Federal Rules of Civil Procedure. In these requests, the following terms are to be given their ascribed definitions:

1. In accordance with Local Civil Rule 26.3, the term "document" is defined to synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

2. In accordance with Local Civil Rule 26.3, "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise.)

3. In accordance with Local Civil Rule 26.3, "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association. In accordance with Local Civil Rule 26.3, the terms "all," "any," and "each" shall each be construed as encompassing any and all.

4. In accordance with Local Civil Rule 26.3, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.     The terms "referring to," "relating to," "showing," or "regarding" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising, or otherwise pertinent to the matter or any aspect thereof.

6.     In accordance with Local Civil Rule 26.3, "concerning" means relating to, referring to, describing, evidencing, or constituting.

7.     In accordance with Local Civil Rule 26.3, the use of the singular form of any word includes the plural and vice versa.

8.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

9.     "EY Report" means a valuation report produced by EY Luxembourg in respect of the Fund for the second quarter of 2021.

10.    "Founders" means Stefan Kowski, Bastian Lueken and Stephen Peel.

11.    "Fund" means Novalpina Capital Partners I SCSp, now named NOAL SCSp.

12.    "Fund Affiliate" means any entity or business that has an affiliation with the Fund via common control, common ownership, or shared management, including but not limited to all of the Fund's business acquisitions.

13.    "Master Luxco" means NOAL Luxco S.à r.l..

14.    "Novalpina GP" means Novalpina Capital Partners I GP S.à r.l., the former the manager (*gérant*) and general partner (*associé commandité*) of the Fund.

15.    "Novalpina IA" means Novalpina Capital LLP and/or Novalpina Capital Management International LLP, either together or separately.

16.    "Topco" means Novalpina Capital Group S.à r.l..

17.    "Weil," "You" and "Your" shall refer to Weil, Gotshal & Manges LLP, as well as all past or present parents, subsidiaries, agents, employees, attorneys, consultants, representatives, and

any other person acting or purporting to act on its behalf.

## **INSTRUCTIONS**

Pursuant to the Federal Rules of Civil Procedure, You are hereby instructed to respond to these requests for production as follows:

1. Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label. You must produce all of the materials in your possession, custody, or control as well as any materials in the possession, custody, or control of Your departments, officers, directors, employees, agents, servants, attorneys, or representatives of any kind whatsoever, or any other person or entity from whom you have the right to obtain documents and information.

2. To the extent that You object to a request for production, You must state the objection with particularity, providing specific grounds for the objection, and You must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part that is objectionable, and You must respond in full to the part that is unobjectionable.

3. Produce documents and tangible things in the forms as they are kept in the ordinary course of business, except that documents may be numbered or labeled during the production process. Every effort should be made to maintain document unitization from whatever source the documents are collected.

4. Electronically stored information (ESI) should be produced in accordance with generally accepted ESI standards and any ESI protocols agreed to by the parties and ordered by the Court.

5.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

6.  If and to the extent documents are maintained in a database or other electronic format, produce along with the document(s) software that will enable access to the electronic document(s) or database as you would access such electronic document(s) or database in the ordinary course of your business.

7.  For any materials that You assert are privileged, protected, or otherwise except from discovery for any reason, You are instructed to provide an appropriate privilege log. Any nonprivileged information within a document that can be produced, must be produced, with redactions over the privileged information.

8.  For any materials that You claim no longer exist, have been destroyed, or cannot be located, provide the following: (a) a statement identifying the material; (b) a statement of how and when the material ceased to exist or when it could no longer be located; (c) the reasons for the material's nonexistence or loss; (d) the identity, address, and job title of each person having knowledge about the nonexistence or loss of the material; and (e) a statement identifying any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

9.  These requests for production must be construed as broadly as possible, giving words their most expansive and inclusive interpretation, such that the requests should be construed with a meaning that brings materials within the request's scope rather than with a meaning that excludes materials from the request's scope.

10. The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, wherever needed in order to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

11. The words "and" and "or" shall each be construed either conjunctively or disjunctively as needed to bring within the scope of these requests any materials that might otherwise be excluded from their scope.

12. These Requests for Production apply to the period from January 1, 2016, to the present, unless otherwise limited or expanded by a particular topic description.

## FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All Documents relating to the audit of the Fund for the fiscal year ending 2020.

**REQUEST FOR PRODUCTION NO. 2:** All Documents relating to any retention of EY Luxembourg by any Fund Entity.

**REQUEST FOR PRODUCTION NO. 3:** All Documents relating to the EY Report.

**REQUEST FOR PRODUCTION NO. 4:** All Documents relating to the valuation of the Fund (including the valuation of the Fund's assets and Fund Entities).

**REQUEST FOR PRODUCTION NO. 5:** All Documents relating to the acquisition of any Fund Entity.

**REQUEST FOR PRODUCTION NO. 6:** All Documents relating to the calculation of any payments due on the removal of Novalpina GP.

**REQUEST FOR PRODUCTION NO. 7:** All Documents relating to the Topco board meeting on January 10, 2021.

**REQUEST FOR PRODUCTION NO. 8:** All Documents relating to the attempt to suspend Stephen Peel's Topco voting rights.

**REQUEST FOR PRODUCTION NO. 9:** All Documents relating to the removal of Allen Foley, Gaëtan Dumont and Philip Zarb Mizzi as directors of Novalpina GP.

**REQUEST FOR PRODUCTION NO. 10:** All Documents relating to the appointment of Stefano Pileri and Michael Zini as directors of Novalpina GP.

**REQUEST FOR PRODUCTION NO. 11:** All Documents relating to the appointment of Stefano Pileri and Michael Zini as directors of NVP 101 S.à r.l., NOAL Luxco North S.à r.l. and NVP 103 S.à r.l..

**REQUEST FOR PRODUCTION NO. 12:** All Documents relating to the amendments to the articles of association of Master Luxco dated July 8, 2021.

**REQUEST FOR PRODUCTION NO. 13:** All Documents relating to Gerhard Schmidt's role on the boards of Topco, Square 2 S.à r.l., Triangle Holdings S.A. and / or any other Fund Entity.

**REQUEST FOR PRODUCTION NO. 14:** All Documents reflecting deposition testimony given by Gerhard Schmidt in relation to any Fund Entity.