# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:

**APPLICATION OF TREO NOAL GP S.A.R.L. FOR AN ORDER TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS FROM WEIL, GOTSHAL & MANGES LLP PURSUANT TO 28 U.S.C. § 1782**

Case No. 1:25-mc-00133

## DECLARATION OF DR RITA KRONSBEIN, ESQ.

I, Dr. Rita Kronsbein, Esq., business address Sebastian-Kneipp-Straße 41 60439 Frankfurt am Main, Germany, declare as follows:

1.     My name is Dr Rita Kronsbein, LL.M. I make this declaration on behalf of Weil, Gotshal & Manges LLP ("Weil") in connection with its Response in Support of the Magistrate Judge's Report and Recommendation.

2.     I am Attorney-at-law, admitted at the bar in Frankfurt am Main (Germany). I have a Master of Laws of Tulane University, LA, U.S. Also, I have passed the New York bar exam.

3.     I am familiar with an attorney's obligations under German privilege law and the Germany Code of Professional Conduct for Lawyers. For these reasons, I am knowledgeable in German privilege law and on attorney's obligations to his or her current and former clients.

*Applicability of German privilege law*

4.     I understand that the legal services provided by Weil to which Petitioner refers in its request for document production, predominately addresses services provided by Weil attorneys admitted to the German state bars. As such, the respective requests fall under the scope of German

attorneys' professional conduct laws, including legal professional confidentiality obligations. Such attorneys' professional conduct obligations would be respected by German courts.

***German client confidentiality laws and potential legal consequences arising from a violation***

5.      Lawyers admitted to a German bar have a duty of confidentiality in client related matters as per Sec. 43a German Federal Lawyers' Act (BRAO) and Sec. 2 Rules of Professional Practice for Lawyers in Germany (BORA). This also is applicable after the lawyer has stopped acting for a client and the client relationship has come to end. According Sec. 43a BRAO, the attorneys' duty of confidentiality forms a core professional obligation and covers everything that becomes known to them in the course of their professional activity (unless such facts are obvious or do not require confidentiality due to their nature). This encompasses all relevant information, whether written oral or as part of electronic communication in client related matters. The scope of such confidentiality obligation for lawyers is therefore particularly broad under German law.

6.      A lawyer breaching such obligations may even face criminal charges, if the lawyer without due authorization (i.e. without client's consent), discloses confidential information, Sec. 203, Sec. 204 German Criminal Code (StGB) (*Dahns*, Die anwaltliche Verschwiegenheitspflicht, NJW-Special 2022, page 574).

***Recognition of confidentiality obligation under European laws***

7.      As regards the legal situation on European law level, the European Court of Human Rights has recognized the high level of protection of attorney-client communication as element of both (i) the right to a fair trial under Art.6 of the European Convention on Human Rights, and (ii) the right to respect for private correspondence under Art. 8 of the European Convention on Human Rights. These basic principles would need to be respected in any case once the above became an

issue before court (*Konrad*, Der Schutz der Vertrauenssphäre zwischen Rechtsanwalt und Mandant im Zivilprozess, NJW 2004, page 712 f.).

***"Handover" proceeding***

8.     Under German professional conduct laws, a client in general may request its attorney to hand-over certain documents or information, which are in the attorney's possession. However, such handover claim does not apply to the mere correspondence between a lawyer and a client and also not to documents which the client has already received, Sec. 50 BRAO.

9.     The statutory conceptual distinction between the "case files" on the one hand and the "documents" on the other hand makes it clear that, according to the intention of the legislator, the documents covered by such handover right are only a limited subset of the complete hand file within the meaning of Paragraph 1 (expressly: BT-Drs. 18/9521, p. 116).

10.     Therefore, for a handover proceeding, no complete copy of the lawyer's files may be claimed, but rather documents not yet received by the client. If such documents nevertheless have (again) been compiled by Weil and made available to a former client, such approach even exceeds what would be strictly required on German professional conduct laws.

11.     It goes without saying that under such laws, the disclosure of such confidential information to third parties in case of doubt requires the express authorization of the respective (former) client. This duty of confidentiality not only protects the respective client. Rather, it also protects the general public's trust in the confidentiality of lawyers – as part of a functioning administration of justice. Thus, to the extent no clear client authorization or reasoned request exists, any handover would pose Weil at risk to face civil law, penal law (including risk of a prison sentence) and professional conduct liability under German and European laws.

*Handling of foreign discovery requests in Germany*

12.    In light of the above, an enforcement request under 28 U.S.C. 1782 would face serious statutory hurdles in Germany. According to Art. 11 HBÜ and Sec. 14 No. 4 of the German Implementing Act ("HaagÜbkAG"), no such order could be enforced if it would violate attorneys' professional confidentiality obligations (as is also reflected in Sec. 383 German Code of Civil Procedure (ZPO) which gives an attorney the right to refuse to testify before court on client related matters (*Henssler*, Das anwaltliche Berufsgeheimnis, NJW 1994, page 1818)).

13.    Also, according to Sec. 23 HBÜ, Sec. 14. No. 3 HaagÜbkAG, any production request could only be enforced in Germany if the requested documents are "in the possession of a party to the proceedings". As such, no such request can be enforced vis-à-vis third parties (*Geimer*, Internationales Zivilprozessrecht, 9th edition 2024, margin 2473c). I understand that Weil is not party to the proceedings in Luxembourg to which the Petitioner refers. Thus, no such request could be enforced against Weil in Germany based on the German statutory limitations regarding enforcement against third parties.

14.    For the sake of completeness, it should be noted that before German courts, no pre-trial discovery proceeding exists. Each party in principle bears the burden on providing the evidence on which it relies ("*Beibringungsgrundsatz*"). Only in exceptional cases, i.e. where documents are, amongst others, relevant, not accessible by the petitioner, and clearly specified or identifiable, a party may request the court to order (in the court's full discretion) the handover of these certain documents (Sec. 142 ZPO). The latter requirement of clear specification in particular serves to prevent "fishing expeditions". The disclosure of such documents will not be granted in cases where e.g. an attorney has the right to refuse testimony under Sec. 383 ZPO (due to attorney-

client privilege, *Moghaddam/Ghassemi/Dobert*, Herausgabepflicht von Dokumenten im Lichte des § 142 ZPO und des HBÜ, IWRZ 2024, page 279).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in _____Frankfurt_____, Germany this __27th__ day of August, 2025.

Dr. Rita Kronsbein