UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**APPLICATION OF TREO NOAL GP S.A.R.L. FOR AN ORDER TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS FROM WEIL, GOTSHAL & MANGES LLP PURSUANT TO 28 U.S.C. § 1782** | Case No. 1:25-mc-00133 |

### DECLARATION OF VERONIQUE HOFFELD, ESQ.

I, Véronique Hoffeld, Esq., business address 18-20, rue Edward Steichen, L-2540, Luxembourg City, Luxembourg, declare as follows:

1. My name is Véronique Hoffeld. I am an Attorney-at-law, admitted at the bar in Luxembourg (Luxembourg). I am a member of the Luxembourg Bar since 1996. Since 2009, I serve as a litigation partner at the law firm of Loyens & Loeff Luxembourg S.à r.l. ("Loyens"). Loyens is an international full-service law firm with offices throughout Europe. At Loyens, I have served as a member of the Executive Committee since 2011 until 2020 and as head of the Luxembourg office's Dispute Resolution Expertise Group. My practice focuses on commercial and civil law, as well as corporate and financial litigation and arbitration. Based on this experience, I am competent to provide opinions about the requirements of Luxembourgish law, as it relates here to professional secrecy and the production of documents.

2. I make this declaration on behalf of Weil, Gotshal & Manges LLP ("Weil") in connection with Weil's Response in Support of the Magistrate Judge's Report and Recommendation. I have been instructed to provide my views on the rules governing the forced production of documents

before the Luxembourg courts, and the impact of a U.S. discovery application in a proceeding currently pending in Luxembourg.

3. I understand that this request stems from an ex parte application by TREO NOAL GP S.à r.l. ("NOAL") for an order pursuant to 28 U.S.C. § 1782 permitting service of a subpoena on WEIL, to obtain discovery for use in a civil proceeding pending before the Luxembourg district court (the "1782 Application").

4. NOAL seeks the forced disclosure of documents from WEIL in relation to three specific investments which NOAL is now investigating, as WEIL advised the private equity fund NOVALPINA CAPITAL PARTNERS I SCSp (the "Fund") before NOAL was appointed as its general partner.

5. I understand that NOAL intends to use the documents sought in a Luxembourg proceeding pending before the district court enrolled under number TAL-2022-03617 (the "Luxembourg proceeding").

6. NOAL has filed several requests for document production against WEIL in several jurisdictions.

7. In June 2022, NOAL requested from the New York office of WEIL "*a full set of letters of engagement, invoices and (if not attached to the invoices) the breakdown of time by fee earners' in relation to matters concerning the Fund*" and documents "*relevant to the circumstances of the acquisition and subsequent management of the investments.*"

8. In November 2022, NOAL requested from the German office of WEIL "*all documents, correspondence, books and other records that Weil possess*[es] *on behalf of the Fund and eight of its subsidiaries*". This led the German office of WEIL to disclose flash drives containing

over 60.000 documents and access to laptops. I understand that the production of these documents was not to the satisfaction of NOAL.

9. In its 1782 Application, NOAL is seeking the disclosure of documents "*relevant to the circumstances of the acquisition and subsequent management of the Investments*" and in particular documents related to the audit of the Fund for the fiscal year 2020, the EY Report, the acquisition of any Fund entity and the removal and appointment of directors of the NOVALPINA entities. These would concern the valuation of the investments and would support NOAL's argument in the Luxembourg proceeding that the valuation of the Fund was inaccurate.

*Luxembourg procedural rules on the forced production of documents*

10. Luxembourg law does not know the concept of discovery as provided under U.S. law, but provides for specific mechanisms allowing a party to seek the forced production of evidence. In turn, these mechanisms are subject to different safeguards, including professional secrecy.

11. A requesting party may file the request for production of documents during a proceeding on the merit, or before initiating a proceeding on the merit, subject to certain conditions.

12. Before initiating a proceeding on the merit, a potential claimant may file a writ before the judge of summary proceedings (*juge des référés*) pursuant to article 350 of the Nouveau code de procedure civile ("*NCPC*"). A potential claimant may file such a request in view of a future dispute against the potential defendant.

13. During the proceeding on the merit, a party may seek to force the opposing party to disclose documents pursuant to articles 284, 285 and 288 of the NCPC, to be used in support of its allegations.

14. When ruling on such a request, the Luxembourg judge (whether the request is based on article 350 of the NCPC or 284, 285 and 288 of the NCPC), will consider certain criteria which have been long established by the case law:

   a. The requesting party must demonstrate that the evidence requested is relevant and useful, and will help to formulate or support its claims.

   b. The reason for the disclosure must be legitimate. The legitimacy of the request relates to, inter alia, the probative value of the documents sought and how obtaining these would improve the claimant's position from an evidentiary standpoint.

   c. The absence of a legal obstacle. The summary judge or the court is not likely to order the disclosure if this circumvents any legal rule, ethical principle or fundamental liberty. Confidentiality of documents, professional secrecy and/or attorney-client privilege, could amount to such an obstacle (*cf. infra*).

   d. When the requesting party is filing the request before the summary judge pursuant to article 350 of the NCPC, a proceeding on the merit between the same parties must not have already been initiated.

   e. It must be likely (but not certain) that the evidence exists and that it is in the possession of the party from whom the disclosure is sought.

   f. The requesting party must identify the documents with specificity to ensure that the defending party can easily identify them. The Luxembourg courts do not allow "*fishing expeditions*". A vague and imprecise request will not be accepted by the Luxembourg judge.

   g. The provisions of Article 350 are purely territorial in scope. Thus, the Luxembourg summary judge is only competent to order the disclosure when the documents are

located (or should be located) in Luxembourg (Cour d'appel, 10 May 2017, n. 44265).

15. In light of the foregoing NOAL would only be able to request documents located in Luxembourg. Even if the documents are located in Luxembourg, the Luxembourg judge would likely not grant the measure in full, as most of the documents relate to descriptive categories of documents instead of individually defined documents.

*Admissibility of evidence covered by professional secrecy*

16. More specifically in relation to point c) above, professional secrecy can prevent the forced production of documents. Additionally, evidence is admitted before the civil courts as long as it is lawful or legal (*T. HOSCHEIT, Le droit judiciaire privé au Grand-Duché du Luxembourg ; para 708*). Evidence can therefore be dismissed by the court at the request of a party should it contravene to this principle, notably should it violate confidentiality provisions or professional secrecy (*See for an example of a request to dismiss evidence TAL 25 April 2018, n°181613, 184874 and 186633 of the docket*).

17. For Luxembourg lawyers, Attorney-client privilege is regulated by the law of 1991 on the legal profession (the 1991 Law), and by the Internal Bar Regulation (RIO).

18. Pursuant to article 35 of the 1991 Law, attorneys are bound by the rules of professional secrecy as defined under article 458 of the Criminal Code and could be criminally prosecuted in case of wrongful disclosure.

19. Lawyers' professional secrecy is of public policy (*ordre public*), and is general, absolute and illimited in time (*M. THEWES, La profession d'avocat au Grand-Duché du Luxembourg*; para 569). Indeed, the RIO, under article 7.1.3 states that: "*Professional secrecy applies to all clients' information and clients' affairs, that is brought to the attention of the lawyer by the*

5

*client, or that the lawyer becomes aware of in the course of his or her professional activities, regardless of the source of such information. Professional secrecy also applies to all documents and communications originating from the lawyer in the course of his or her legal advice, representation, and assistance to his or her client.*"

20. As soon as a lawyer has become aware of information in the course of their professional duties, this information is covered by professional secrecy (*M. THEWES, La profession d'avocat au Grand-Duché du Luxembourg*, para 574). This is applicable irrespective of whether the lawyer is still acting as the client's representative or if the information generates from the client themselves. The lawyer's workplace and the confidentiality of communications, by any means whatsoever, between the lawyer and his or her client are also "inviolable".

21. As summarized by the European Court of Human Rights *(ECtHR, 5th Ch., 6 December 2013, Michaud c. France, n° 12323/11, § 123)*, professional secrecy constitutes "*one of the fundamental principles on which the organization of justice in a democratic society is based*".

22. However, this protection is not absolute and can notably be lifted by a court order. The judge (upon balancing the interests at stake) may consider that the requesting party's interest in obtaining the evidence is greater and/or that considerations of public interest and public policy justify the disclosure. Demonstrating a higher interest is a very high threshold for the requesting party.

*Admissibility of the evidence in the Luxembourg proceeding further to the 1782 application*

23. No provision of Luxembourg law prohibits the admission of evidence obtained through 1782 applications, and to the best of my knowledge, there is no case law in Luxembourg discussing the admissibility of evidence obtained through 1782 applications.

6

24. In my opinion, the fact that the defending party in the 1782 Application is a law firm, and that the documents would be covered by professional secrecy under article 458 of the Criminal Code, may constitute a bar to their admissibility in the Luxembourg proceeding. Their admissibility may be deemed contrary to Luxembourg public policy.

25. I understand that WEIL advised the Fund concerning certain investments prior to the appointment of NOAL, and thus that the documents requested by NOAL would be covered by professional secrecy. Thus, a Luxembourg judge would likely find that professional secrecy would create a legal obstacle to the disclosure (*As an example of professional secrecy baring the production of evidence by a banker: Cour d'appel, 25 November 2009, n° 35386 of the docket*).

26. As mentioned above, while this legal obstacle is not insurmountable, it constitutes a very high threshold for the requesting parties. Further, I am not aware of any case law whereby the Luxembourg courts concluded that the requesting party's interest in the disclosure supersedes the application of the professional secrecy applicable between a lawyer and its client, while there is case law concerning bankers and notaries (*Cour d'appel, référé, 1 March 2017, N° 43856 of the docket*).

27. In any event, Luxembourg courts do not look favorably on common law style discovery procedures. Luxembourg is a party to the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, and made the following relevant reservation under article 23: "*Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries shall not be executed.*"

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Luxembourg city, Luxembourg this twenty-seventh day of August 2025.

_____
Véronique Hoffeld